UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

UNITED STATES OF AMERICA,

                              Plaintiff,

-vs-

THE PREMISES AND REAL PROPERTY WITH ALL
BUILDINGS, APPURTENANCES, AND
IMPROVEMENTS, LOCATED AT 210 DRAKE DRIVE,
ROCHESTER, NEW YORK, THAT IS, ALL THAT TRACT OR
PARCEL OF LAND, SITUATED IN THE TOWN OF
IRONDEQUOIT, COUNTY OF MONROE, AND STATE OF
NEW YORK, AND MORE PARTICULARLY DESCRIBED IN A
CERTAIN DEED RECORDED IN LIBER 12054 OF DEEDS AT
PAGE 343 IN THE MONROE COUNTY CLERK'S OFFICE,

                              Defendant.

DECISION & ORDER

18-CV-6569 (CJS)

---

## INTRODUCTION

On August 9, 2018, Plaintiff United States of America ("the government") filed a complaint against the Premises and Real Property with all Buildings, Appurtenances, and Improvements, located at 210 Drake Drive, Rochester, New York that is, all that Tract or Parcel of Land, situated in the Town of Irondequoit, County of Monroe, and State of New York, and more particularly described in a certain deed at Page 343 in the Monroe County Clerk's Office ("defendant property"). Compl., Aug. 9, 2018, ECF No. 1. The complaint stated that the case was an action *in rem* for the forfeiture of the defendant property pursuant to 18 U.S.C. § 981(a)(1)(A), as a property which constitutes or is derived from

proceeds traceable to any offense constituting "specified unlawful activity." Compl. at ¶ 1. Over the ensuing month, three individuals filed a notice of claim on the defendant property: Judy Perkins, Joshua Perkins, and the purported owner, Bernard Perkins. *See* ECF Nos. 4, 6, and 7. In November 2019, the action was stayed as the government pursued a global resolution to this action along with criminal charges against claimant Bernard Perkins. Stip. and Order to Stay, Nov. 1, 2019, ECF No. 12.

The matter is now before the Court on the government's motion to lift the stay, and to strike the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins. Mot. to Strike, Aug. 28, 2020, ECF No. 13. Bernard Perkins has opposed the motion. Aff. in Opp., Nov. 2, 2020, ECF No. 15. For the reasons outlined below, the government's motion [ECF No. 13] is granted, the stay is lifted, and the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins are stricken.

**BACKGROUND**

On October 31, 2019, the government and claimant Bernard Perkins stipulated to the following factual information, recited in a "Stipulation to Stay Civil Forfeiture Case":

1. On August 9, 2018, the United States filed a verified complaint for forfeiture against the defendant real property pursuant to Title 18, United States Code, Section 981(a)(1)(A) as property involved in money laundering transactions or traceable to such property, and Title 18, United States Code, Section 981(a)(1)(C) as property real or personal, which constitutes or is derived from proceeds traceable to any offense constituting "specified unlawful activity" . . . to include violations of Title 18, United States Code, Section 1343 (wire fraud).

2. On August 27, 2018, Bernard Perkins filed a claim to the defendant real property. On September 6, 2018, Judy Perkins and Joshua Perkins [each]

> filed a claim to the defendant real property. No other claims have been filed in this action, and the time to file a claim has expired. No answers have been filed in this action, and the time to file an answer has expired.
>
> 3. On August 1, 2019, a criminal complaint was filed against Bernard Perkins in the United States District Court, for the Western District of New York, charging Bernard Perkins with violations of wire fraud and conspiracy to commit wire fraud in violation of Title 18, United States Code, Sections 1343 and 1349 and money laundering and conspiracy to commit money laundering in violation of Title 18, United States Code, Sections 1956(h), 1957(a) . . . .
>
> 4. As evidenced by the verified complaint for forfeiture, the criminal case and the civil forfeiture case are inextricably related. The civil case arises from the same facts and circumstances giving rise to the criminal investigation . . . .
>
> 5. To allow the parties to attempt to globally resolve the criminal and civil forfeiture the parties agree that it is in the best interest of both the United States and Bernard Perkins to Stay the above-captioned action until such time as the related criminal action has been resolved.

Stip. and Order to Stay at ¶ 1–5.

On August 28, 2020, the government filed its motion to lift the stay and to strike the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins. Mot. to Strike, ECF No. 13. Claimant Bernard Perkins filed an affidavit in opposition to the government's motion on November 2, 2020. Aff. in Opp., Nov. 2, 2020, ECF No. 15. In his affidavit, Perkins indicated that he had entered a plea agreement regarding the criminal charges "inextricably related" to this forfeiture action, in which the parties agreed he could pay the government $200,000, in two installment payments of $100,000, to avoid the forfeiture of the defendant property. Aff. in Opp. at ¶ 4. Perkins also indicated that due

solely to issues beyond his control – namely, the Covid-19 pandemic – he was unable to make the first installment payment of $100,000 on the August 15, 2020 due date. Aff. in Opp. at ¶ 5. However, he stated that he anticipated having ample funds to pay the $200,000 through the sale of prominent pieces in his art collection, which sale he believed could be consummated by December 11, 2020. Aff. in Opp. at ¶ 6–7.

In its reply to Perkins' affidavit in opposition, the government submitted an affidavit from Assistant United States Attorney ("AUSA") Grace M. Carducci. Reply, ¶ 14, Dec. 29, 2020, ECF No. 19-1. AUSA Carducci stated that the government had provided Perkins with multiple extensions of payment due dates, and that Perkins failed to meet each new deadline. Reply at ¶ 14. Additionally, AUSA Carducci pointed out that the plea agreement was clear that if Perkins fails to make his payments in a timely fashion or at all, the government will proceed with forfeiture proceedings against the defendant property. *See* Aff. in Opp. (Ex. B), ¶ 31(a), Nov. 15, 2020, ECF No. 15-2 (a copy of Perkins' plea agreement). Notably, the government's reply was filed on December 29, 2020, nearly two weeks after the date by which Perkins stated he believed he could sell the pieces from his art collection to raise funds for the house.

**STANDARDS OF LAW**

Civil forfeiture actions *in rem* are governed by 18 U.S.C. § 983 and Rule G from the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions ("Supplemental Rules"). When the government brings a civil forfeiture action *in rem*, it

must file a verified complaint setting forth, *inter alia*, allegations identifying the property, and the factual and statutory basis for its seizure. *See* Supp. R. G(2). The government must also provide notice of the action to anyone who reasonably appears to be a potential claimant. Supp. R. G(4)(b).

To contest the forfeiture, a claimant must first file a claim within the time specified in the government's notice. *See* Supp. R. G(5)(a) and 4(b)(ii)(B). Within twenty-one days after filing a claim, the claimant must file an answer. Supp. R. G(5)(b). Strict compliance with these deadlines is typically required. *See, e.g., United States v. Amiel*, 995 F.2d 367, 371 (2d Cir. 1993) (discussing Supp. R. C(6), which also deals with responsive pleadings for *in rem* actions).

"In order to contest a governmental forfeiture action, claimants must have both standing under the statute or statutes governing their claims and standing under Article III of the Constitution as required for any action brought in federal court." *United States v. $541,395.06 U.S. Currency*, No. 10-CV-6555-CJS, 2012 WL 3614294, at *2 (W.D.N.Y. Aug. 21, 2012) (quoting *United States v. Cambio Exact, S.A.*, 166 F.3d 522, 526 (2d Cir. 1999)). Article III standing relates to the claimant's ability to demonstrate an interest in the seized property that is sufficient to satisfy the case or controversy requirement of Article III. *United States v. 8 Gilcrease Lane*, 641 F. Supp.2d 1, 5 (D.D.C. 2009) (citation omitted). Statutory standing relates to a claimant's ability to demonstrate compliance with the statutory and procedural requirements imposed by Congress. *Id*. "[U]nder the

5

Supplemental Rules, the government may move to strike a forfeiture claim at any time before trial for failure to comply with Rule G(5) or for lack of standing." *United States v. $27,601.00 U.S. Currency*, 800 F. Supp.2d 465, 467 (W.D.N.Y. 2011) (quoting *United States v. $12,126.00 in United States Currency*, 337 F. App'x 818, 820 (11th Cir. 2009)) (internal quotation marks omitted).

## DISCUSSION

The government argues that the stay order should be lifted in this case, and that the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins should be stricken for lack of statutory standing. Mem. of Law, 12, Aug. 28, 2020, ECF No. 13-2. In particular, the government maintains that each of the three claims must be stricken because none of the claimants filed an answer as required by Rule G(5) of the Supplemental Rules. *Id.*

Bernard Perkins does not deny that he has failed to file an answer as required by Rule G(5)(b) of the Supplemental Rules. Rather, he asks the Court to deny the government's motion in order to afford him more time to sell his art pieces or, "out of an abundance of caution to guard against the continued delay of my pending art sale . . . [to] obtain a private loan . . . that will enable the payment of the $200,000 to the [g]overnment." Aff. in Opp. at ¶ 9.

<u>The Stay Order</u>

It is well-settled that "the power to stay proceedings is incidental to the power inherent in every court to control the disposition of the causes on its docket with economy

of time and effort for itself, for counsel, and for litigants." *Landis v. N. Am. Co.*, 299 U.S. 248, 254 (1936).[1] The Supreme Court has stated that courts may "defer [ ] civil proceedings pending the completion of parallel criminal prosecutions when the interests of justice seem[ ] to require such action." *United States v. Kordel*, 397 U.S. 1, 12 n. 27 (1970). In the criminal context, courts evaluating whether the "interests of justice" favor a stay "have generally been concerned about the extent to which continuing the civil proceeding would unduly burden a defendant's exercise of his rights under the Fifth Amendment, which provides that '[n]o person ... shall be compelled in any criminal case to be a witness against himself.'" *Louis Vuitton Malletier S.A. v. LY USA, Inc.*, 676 F.3d 83, 97 (2d Cir. 2012) (quoting U.S. Const. amend. V.). Notwithstanding the multitude of "multi-factor tests" that various district courts have developed to evaluate the propriety of a stay, the court's decision "ultimately requires and must rest upon 'a particularized inquiry into the circumstances of, and the competing interests in, the case.'" *Id.* (citing *Banks v. Yokemick*, 144 F. Supp.2d 272, 275 (S.D.N.Y. 2001)).

After a particularized inquiry into the circumstances of and competing interests in the present case, the Court finds that a stay of these civil proceedings no longer serves the interests of justice. The continuance of the stay would permit Bernard Perkins, who pled guilty before this Court to violations of 18 U.S.C. § 1957(a) (money laundering) and 26 U.S.C. § 7201 (tax evasion), to continue indefinitely in breach of his plea agreement

---

[1] In addition to the Court's inherent power to grant a stay, that power is also statutorily vested in the Court in civil forfeiture proceedings pursuant to 18 U.S.C. § 981(g).

and at the same time avoid forfeiture of an asset that he agreed was properly forfeitable to the United States pursuant to 18 U.S.C. § 982(a). *See* Aff. in Opp. (Ex. B) at ¶ 32. Accordingly, the Court grants the government's motion to lift the stay in this case.

<u>Motion to Strike Claim</u>

The Court also grants the government's motion to strike the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins. This Court has previously noted that courts "routinely strike claims in federal forfeiture actions where a claimant fails to comply with the deadlines provided by the Forfeiture Rules . . . . [but] has the discretion to excuse a missed deadline if the claimant can show 'excusable neglect.'" *United States v. $541,395.06 U.S. Currency*, No. 10-CV-6555-CJS, 2012 WL 3614294, at *3 (W.D.N.Y. Aug. 21, 2012) (citations omitted). The Supreme Court has concluded that the determination of whether a claimant has shown "excusable neglect" is "at bottom an equitable one, taking account of all relevant circumstances surrounding the party's omission." *Pioneer Inv. Services Co. v. Brunswick Assoc. Ltd. Partnership*, 507 U.S. 380, 395 (1993). "An analysis of excusable neglect requires the Court to examine four factors including: the danger of prejudice to the non-movant, the length of the delay and its impact on proceedings, the reason for the delay including whether it was within the reasonable control of the movant, and whether the movant acted in good faith." *United States v. $541,395.06 U.S. Currency*, 2012 WL 3614294, at *3.

As indicated above, the Supplemental Rules require that the claimant of a property interest in an *in rem* forfeiture proceeding must file an answer within twenty-one days after filing a claim. Supp. R. G(5)(b). In the present case, the government and Bernard Perkins stipulated that "no answers have been filed in this action, and the time to file an answer has expired." Stip. and Order at ¶ 2. Although claimants Judy Perkins and Joshua Perkins were not parties to the stipulation, the record is clear that neither claimant has ever filed an answer within twenty-one days of their respective claims, both of which were filed on September 6, 2018. *See* ECF No. 6 and 7.

Claimant Bernard Perkins maintains that he has been unable to make payments to satisfy the terms outlined in his plea agreement because the Covid-19 pandemic has prevented him from selling pieces from his art collection to interested buyers. Aff. in Opp. at ¶ 8. This explanation, however, is not relevant to Perkins' failure to comply with the requirements of Rule G(5) of the Supplemental Rules: it does not justify his failure to file an answer either within 21 days of filing his claim on August 27, 2018, or by November 16, 2018, the date agreed to in the stipulation extending time to file answer in a forfeiture action. Stip. Extending Time to File Answer, Sept. 11, 2018, ECF No. 8. Rather, it is simply an explanation of Perkins' breach of his plea agreement with the government, which agreement clearly states that the failure to pay will result in the government proceeding with the forfeiture of the defendant property. Aff. in Opp (Ex. B) at ¶ 31(a). As such, Perkins has failed to demonstrate either compliance with the requirements of

Supplemental Rule G(5) or excusable neglect for his non-compliance.

All three claimants have failed to demonstrate that they have statutory standing to contest this forfeiture action. Consequently, the government's motion to strike the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins is granted.

### CONCLUSION

For the reasons stated above, it is hereby

ORDERED that the government's motion [ECF No. 13] to lift the stay on these proceedings is granted; and it is further

ORDERED that the government's motion [ECF No. 13] to strike the claims of Bernard Perkins, Judy Perkins, and Joshua Perkins is granted.

IT IS SO ORDERED.

Dated: June 1, 2021
       Rochester, New York

       ENTER:

                            CHARLES J. SIRAGUSA
                            United States District Judge